**CONTINENTAL CAN COMPANY, Inc.,**
Appellee,

v.

**EAZOR EXPRESS, INC., Appellant.**

**No. 197, Docket 29536.**

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1965.

Decided Dec. 27, 1965.

Herbert Burstein, New York City, (Zelby & Burstein, New York City), for appellant.

Saul Goldstein, New York City (Max J. Gwertzman, New York City, of counsel), for appellee.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

Eazor Express, Inc. ("Eazor") appeals from a judgment finding it negligent, after a non-jury trial, and awarding $10,539.81 to Continental Can Company, Inc. ("Continental") for damage to a shipment. We affirm.

Continental engaged Eazor, a common carrier, to transport by truck a bottle manufacturing machine weighing in ex-

cess of 25,000 pounds from Chicago, Ill. to Washington, Pa. During the journey, while the truck was ascending a steep hill, the large and complex machine fell off the vehicle. As a result, extensive work was required to repair the damage.

Pursuant to 49 U.S.C. § 20(11), a carrier is liable to the lawful holder of the bill of lading for loss or damage to shipped goods while in transit. If the shipper makes out a prima facie case by establishing delivery to the carrier in good condition and arrival at the destination in damaged condition, the burden of disproving negligence passes to the carrier. See Missouri P. R. Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L. Ed.2d 194 (1964).

It is not necessary for us to detail the evidence presented by both sides on the issue of negligence and fully set forth in Judge McLean's opinion. It is sufficient that we state that Judge McLean had ample evidence before him upon which to base his inferences and conclusions.

We hold that Continental delivered the machine to Eazor in good condition and that it was damaged in transit. While it is true that Continental's agents did not bolt the machine to the skids on which it rested in the truck, there is evidence to support the court's finding that because of the unusual construction of the article being transported it was not feasible to fasten it as suggested by Eazor. Moreover, the bill of lading which called only for a "skidded machine" did not explicitly require that bolts be employed or that any other specific method of securing the device be utilized.[1]

We also believe that Eazor failed to prove its freedom from negligence in transporting the machine. Eazor urges that it carried its burden because the driver of the truck testified that he ascended the hill at ten miles per hour. But the judge was not bound to believe him even without contradiction, and here there was. Continental's expert witness, Martin J. Dolan, a master rigger familiar with trucking heavy machinery, testified that if the truck had been turning right at slow speeds while mounting the hill, the machine would have fallen in the direction of the turn. But, at greater speeds, sufficient centrifugal force would develop to thrust the machine to the left. Since it is undisputed that the machine fell to the left side of the truck, Judge McLean's conclusion that Eazor's driver could not have been traveling as he testified and his adoption of Dolan's conclusion cannot be faulted.

The record also discloses that ⅜ inch link chains of the kind Eazor's driver used to secure the machine, could, if in good condition, support a heavy weight straining at the links. The chains Eazor utilized failed in this respect. While the record does not reveal the age of Eazor's chains, it does disclose that they were not new. Based upon this and other evidence, the District Judge could properly conclude that Eazor did not carry its burden of proving freedom from negligence and that indeed, the accident occurred either because the truck was traveling at an excessive speed of at least 25 miles per hour after making a sharp turn simultaneously with starting up the "fairly steep" hill, or because the chain was defective, or because of a combination of the two.

Eazor also disputes Judge McLean's finding of damages in the amount of $10,539.81 because it urges there was

1. We believe, in addition, that Judge McLean properly rejected Eazor's alternative argument that the shipper was at fault for failure to comply with Rule 5 § 10 of the tariff filed by it with the Interstate Commerce Commission. This Rule, it urges, required that the article transported be "firmly attached" to skids. But, responsibility is place upon the carrier to assure that merchandise shipped is properly secured. 49 U.S.C. § 304(a), 49 C.F.R. § 192.9(a). We agree with Judge McLean that because of the unusual structure of this machine, it was not feasible to fasten it by any method other than the one employed and that, indeed, the article had been accepted for shipment by Eazor as affixed to the skids by Continental.

insufficient proof of the accuracy of the total arrived at and an absence of proof of "reasonableness." In the light of vouchers, ledgers, independent testimony and the unusual character of the machine and the repairs, we cannot say that the District Judge's determination in this respect was clearly erroneous or that the award was unreasonable.

We have carefully considered Eazor's other contentions and find them without merit.

Affirmed.